IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermaine L. Gore, | C/A No. 0:08-1850-RBH-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Sheriff Henry Thompson; | |
| Horry County Detention Center, J. Reuben Long; | |
| Tom Fox, Director; | |
| Capt. K. Grate; | |
| Lcrpl. NFN Loadholt; | |
| NFN Louholt; | |
| Crpl W. Lewis; | |
| C.L. Lewis; | |
| Lt. Judy Boyd; | |
| Lt. NFN Oralawski, Inmate Services; | |
| Corporal Watts NFN; | |
| Oficer S. Helms; | |
| Lt. of Classification NFN Meyers; | |
| Major M. Johnson; | |
| Capt. S. Stafford; | |
| Defendants. | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (Docket Entry 66.) The plaintiff, Jermaine L. Gore ("Gore"), a self-represented former pre-trial detainee at the J. Reuben Long Detention Center in Horry County ("Detention Center"), filed this action pursuant to 42 U.S.C. § 1983. Based on a liberal construction of the complaint, Gore appears to assert that the defendants violated his constitutional right to access to the courts when they did not take action to allow Gore to file criminal charges against another detainee who attacked and injured Gore while Gore was a pre-trail detainee at the Detention Center. Additionally, Gore complains that the defendants did not

process the grievance that he filed relating to that issue, and asserts some other general claims that appear to relate to his underlying state criminal prosecution. (Compl., Docket Entry 1.) On June 26, 2008, Gore amended his Complaint to assert a claim of "false imprisonment" and further states that he is claiming "discrimination" and "violation of [his] civil rights." (Docket Entry 15.)

The defendants filed a motion for summary judgment. (Docket Entry 66.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 67.) Gore filed a response in opposition to the defendants' motion. (Docket Entry 70.) The motion is now before the court for a Report and Recommendation.

## BACKGROUND

Viewed in the light most favorable to Gore, the following facts are pertinent to the resolution of the defendants' motion. On April 28, 2008, Gore's roommate at the Detention Center, Kevin Griffin, assaulted him, causing him to be taken to the hospital to receive stitches. Gore filed grievances seeking criminal charges against Griffin. He contends that his grievance was not processed and that Defendant Grate essentially informed him that he would have to wait until he was released to file criminal charges against Griffin. Gore asserts that this violates his constitutional rights.

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter



of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

PJG

**B.	Pro Se Pleadings**

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**C.	Gore's Claims**

As an initial matter, the court notes that Defendant Thompson, as Sheriff of Horry County, and Defendant Fox, Director of Horry County Detention Center, are entitled to summary judgment because as arms of the State, they are immune from suit under the Eleventh Amendment to the United States Constitution. Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding

that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities); see also Cone v. Nettles, 417 S.E.2d 523 (S.C. 1992) (stating that the sheriff and his employees are state officials). Moreover, Sheriff Thompson and Director Fox are not a "persons" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). Furthermore, the Detention Center is also not a 'person' within the meaning of § 1983. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). The Detention Center consists of buildings, facilities, and grounds—inanimate objects that do not act under color of state law—and thus is not a "person" within the meaning of §1983. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), rev'd on other grounds, 2000 WL 20591, *1 (4th Cir. 2000) (unpublished) ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, the defendant Detention Center is also entitled to summary judgment.

Moreover, all of the defendants are entitled to summary judgment on Gore's claim regarding his inability to file criminal charges against Griffin. A private citizen has no enforceable right to institute a criminal prosecution. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Accordingly, since there is no clearly established right to seek criminal proceedings against another, the defendants

cannot be held liable for denying Gore access to the courts to pursue a right that he does not have. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (discussing qualified immunity); see also Lewis v. Casey, 518 U.S. 343, 351-52 (1996) (holding that an inmate must allege facts showing actual injury resulting from the act of the defendant to maintain a claim for denial of access to the court).

Gore's complaint about the defendants' failure to process his grievance similarly fails. It is well settled that inmates and detainees have no constitutional right to a grievance procedure. See Adams v. Rice, 40 F.3d 72 (4th Cir. 1994). For the same reason, any claim that Gore was denied telephone use at his request does not rise to a constitutional claim, as prisoners do not have a constitutional right to unlimited telephone use. See Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992) (holding that "[a]lthough prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use") (citing Bounds v. Smith, 430 U.S. 817, 823, 832 (1977)).

Finally, to the extent Gore complains about matters related to his own pending state criminal charges, he has made no allegation that any of the defendants are personally involved in those proceedings. The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Accordingly, such a claim must fail.[1]

To the extent that Gore is seeking independent claims for "discrimination" and "violation of [his] civil rights," these statements, without further support, are insufficient to survive a motion for

---

[1]Although counsel for the defendants raises certain grounds for summary judgment in his memorandum relating to Jon Ozmint and the South Carolina Department of Corrections, the court need not address these arguments since Ozmint and SCDC do not appear to be defendants in this case. (Def.'s Mem. Supp. Summ. J., Docket Entry 66-2 at 7-9.)

summary judgment, as they are "bare contention[s]" or "mere conclusory allegations." See, e.g., White v. Boyle, 538 F.2d 1077, 1079 (4th Cir. 1976). Thus, to the extent that these conclusory statements attempt to raise claims that are independent of the ones discussed above, they also fail.

**D.    Other Issues**

To the extent that Gore is alleging a constitutional challenge to his imprisonment with regard to any state proceedings that may be pending, the court must abstain from interfering with an on-going state prosecution pursuant to Younger v. Harris, 401 U.S. 37 (1971). The law is well settled that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. See Younger, 401 U.S. at 44; Harper v. Pub. Serv. Comm'n of West Va., 396 F.3d 348, 351-52 (4th Cir. 2005) (noting that criminal law is a core source of state authority and that "[c]riminal proceedings are, perhaps, the most obvious example of the states' sovereign authority 'to perform their separate functions in their separate ways.' "); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue of Charlotte, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52; see also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*) (noting that ". . . federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). Here, Gore can seek appropriate relief in state court.

Moreover, to the extent that these criminal charges have been resolved, Gore has not demonstrated that his "conviction or sentence has been reversed on direct appeal, expunged by



executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Therefore, Gore is not entitled to recover damages for allegedly unconstitutional imprisonment under § 1983. Id.

Furthermore, although Gore claims he has been unlawfully detained based on the South Carolina Constitution as well as the United States Constitution, a review of his filing reveals that this claim is based on alleged violations of the South Carolina Rules of Criminal Procedure. Therefore, this claim appears to raise only issues of state law. Accordingly, even if Gore's "false imprisonment" claim could properly be adjudicated by a federal district court at this time, the court recommends that supplemental jurisdiction over what appears to be a purely state law claim should not be exercised. See 28 U.S.C. § 1367(c).

Finally, some of Gore's filings complain about events that do not relate to the claims raised in this action. For example, Gore argues that he failed to receive proper medical attention. These issues were not contained in Gore's complaint or amended complaint and are therefore not properly before this court. See Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

PJG

**RECOMMENDATION**

Accordingly, the court recommends that the defendants' motion for summary judgment (Docket Entry 66) be granted. The court further recommends that supplemental jurisdiction over any claims based purely on state law not be exercised. Further, the court directs that, should this recommendation be adopted, Gore's "motion" filed October 15, 2008 (Docket Entry 54) be terminated as moot.[2]

                                                                  _____
                                                                  Paige J. Gossett
                                                                 UNITED STATES MAGISTRATE JUDGE

August 11, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Gore's filing (Docket Entry 54) is captioned "discovery requests" but appears essentially to complain about his treatment in the Detention Center. (See generally Docket Entry 54 at 2-4.) The court observes that the some of the allegations in that filing do not even relate to the matters raised in the Complaint in this case, and Gore has not obtained leave to amend his Complaint to add any such new claims. In fact, it appears that the Honorable George C. Kosko previously denied Gore's motion to amend his complaint to add additional defendants. To the extent Docket Entry 54 seeks reconsideration of that ruling, it is denied.

    The first page of Gore's filing (Docket Entry 54), however, does appear to request trial subpoenas. In light of the court's recommendation to grant the defendants' motion for summary judgment, a request for subpoenas would be moot.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).